IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA    |

   |

v.    |

   |    21 Cr. 441 (KMK)

INDIGO GRANT,    |

   |    The Hon. Kenneth M. Karas

   |

Defendant.    |

   |

   |

_____|

**DEFENDANT INDIGO GRANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO SUPPRESS POST-ARREST STATEMENTS**

SEAN M. MAHER
*Counsel for Defendant Indigo Grant*

The Law Offices of Sean M. Maher, PLLC
2796 Sedgwick Avenue, Suite C1
Bronx, NY 10468
(212) 661-5333
(347) 548-9959
smaher@seanmaherlaw.com

Table of Contents

Table of authorities …………………………………………………………ii

Preliminary statement  ........................................................................1

1.   Factual Background  .....................................................................1

2.   Ms. Grant's statements on July 14, 2021 should be suppressed
     for all purposes because the statements were not voluntarily given
     and were not provided after freely waiving *Miranda* protections.  ........4

     A.   Legal framework ……………………………………………………4

     B.   Ms. Grant's statements made in the agents' car on
          July 14, 2021 should be suppressed. .............................................5

Conclusion ...........................................................................................7

# Table of Authorities

## Cases

*Bram v. United States,*
168 U.S. 532 (1897) ............................................................................. 4

*Brown v. Mississippi,*
297 U.S. 278 (1936) ............................................................................ 4

*California v. Beheler,*
463 U.S. 1121 (1983) ......................................................................... 6

*Green v. Scully,*
850 F.2d 894 (2d Cir. 1988)............................................................. 4, 6

*Jackson v. Denno,*
378 U.S. 368 (1964) ........................................................................... 4

*Mincey v. Arizona,*
437 U.S. 385 (1978) ........................................................................... 5

*Miranda v. Arizona,*
384 U.S. 436 (1966) ...................................................................*passim*

*Tankleff v. Senkowski,*
135 F.3d 235 (2d Cir. 1998).............................................................. 5

*United States v. Ali,*
68 F.3d 1468 (2d Cir. 1995).............................................................. 6

*United States v. Jaswal,*
47 F.3d 539 (2d Cir. 1995)................................................................ 5

*United States v. Scott,*
624 F. Supp. 2d 279 (S.D.N.Y 2008)................................................ 5

*United States v. Siddiqui,*
699 F.3d 690 (2d Cir. 2012) ............................................................. 5

*United States v. Uribe-Velasco,*
930 F.2d 1029 (2d Cir. 1991) ........................................................... 6

*Wong Sun v. United States,*
371 U.S. 471 (1963) ........................................................................6, 7

**Statutes**

18 U.S.C. § 1951 ............................................................................................ 1

18 U.S.C. § 924 ............................................................................................. 1

**Constitutional Provisions**

U.S. Const. amend. V ............................................................................... 4, 6

**Rules**

Fed. R. Crim. P. 16 ....................................................................................... 1

## Preliminary Statement

Indigo Grant, by undersigned counsel, respectfully submits this memorandum of law in support of her motion to suppress post-arrest statements.

# 1.   Factual Background

Federal agents arrested Indigo Grant on July 14, 2021 -- the same day an indictment against her and 6 others was unsealed. On March 23, 2022, an S1 superseding indictment was filed, charging Ms. Grant with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One), Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Six), and a firearms offense in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii) (Count Seven).[1]

The government has produced Rule 16 discovery material that includes police reports and other files. According to an FBI 302 report dated July 15, 2021, FBI agents arrested Ms. Grant on July 14, 2021 in Bushkill, Pennsylvania.[2] Agents transported Ms. Grant to the FBI Hudson Valley Resident Agency for processing and then to federal court in White Plains, New York. *Id*.

According to another 302 report drafted by Thomas L. Anderson, the following transpired:

> INDIGO GRANT, [date of birth omitted], was interviewed in an
> FBI vehicle during her post arrest transport back the the [sic]

---

[1] S1 Indictment, Doc. No. 103, attached as Exhibit 1. A total of 4 exhibits are being submitted in support of Ms. Grant's suppression motion.

[2] 302 Report dated July 15, 2021, attached as Exhibit 2. Exhibits 2 and 3 are FBI 302 reports provided in discovery that contain sensitive personal identifying information that is not appropriate for publicly filing. So that the Court has all of the information contained in these documents, it is respectfully requested that Mr. Grant be permitted to file Exhibits 2 and 3 under seal.

> FBI Hudson Valley Resident Agency. GRANT was advised of the
> identity of the interviewing Agent and the nature of the
> interview. She was then provided with a [sic] FBI Advice of
> Rights form, stated she understood and signed. Thereafter,
> GRANT provided the following information . . . .

Exhibit 3. The 302 report then summarizes what the agent claims was stated by

Ms. Grant after being advised of her *Miranda* rights. *Id.* As part of Rule 16

discovery, the government provided the defense an FBI Advice of Rights form

purportedly signed by Ms. Grant, which is attached as Exhibit 4.[3]

Turning to Ms. Grant's declaration, Ms. Grant confirms that on the morning

of July 14, 2021, she was at her mother's home in Bushkill, Pennsylvania. Grant

Decl. ¶ 3.[4] Numerous agents arrived at Ms. Grant's mother's house on the morning

of July 14, 2021. *Id.* ¶ 4. An agent told Ms. Grant she was under arrest. *Id.* She was

then told that two agents were going to drive her to White Plains, New York to be

processed and to go to court. *Id.*

Before going into the car with the agents, Ms. Grant told her mother to call

an attorney for her. *Id.* ¶ 5. Ms. Grant said this loudly right in front of the agents.

*Id.* Ms. Grant then asked the agents whether there would be time for her, whenever

they got to where they were going, to call an attorney. *Id.* One of the agents assured

Ms. Grant that she would be able to speak with an attorney. *Id.*

Two agents put Ms. Grant in a car and began driving. *Id.* ¶ 6. For about the

first hour, the two agents had small talk with Ms. Grant, discussing things like

---

[3] This is the same document referenced by Ms. Grant in her Declaration
accompanying her instant motion to suppress.
[4] "Grant Decl." refers to Ms. Indigo Grant's Declaration, which has been filed in
support of Ms. Grant's motion to suppress post-arrest statements.

music that had nothing to do with the case. *Id.* After about an hour, one of the agents changed his tone. *Id.* ¶ 7. He told Ms. Grant words to the effect of "you know, it's important you save yourself because the first person – whoever tells what happens first, gets the best deal." *Id.*

The agent then asked Ms. Grant if he could start asking her questions. *Id.* ¶ 8. Ms. Grant replied that she would prefer that any questions that are to be asked happen when they got to where they were going, after Ms. Grant had a chance to call an attorney. *Id.*

The agent then passed a picture to Ms. Grant and started asking her questions about it. *Id.* ¶ 9. Ms. Grant responded "Is it ok for me to make a phone call to call an attorney?" *Id.* ¶ 10. The agent acted like he was about to hand Ms. Grant his cell phone for her to make a call, but then did not hand her the phone. *Id.* ¶ 11. He then started asking Ms. Grant direct questions about the picture. *Id.*

The agents never told Ms. Grant that she had the right to remain silent, to have an attorney present for any questioning, or any other of her *Miranda* rights. *Id.* ¶ 12. The agents never handed Ms. Grant any "advice of rights" form or any piece of paper outlining her *Miranda* rights. *Id.* Ms. Grant never signed any "advice of rights" form or any piece of paper regarding *Miranda* rights. *Id.*

Before filing her instant motion to suppress, Ms. Grant reviewed the "advice of rights" form with the bates stamp USAO_GRANT000017 that was provided by the government during discovery.[5] *Id.* ¶ 13. The agents never gave Ms. Grant this

---

[5] Exhibit 4 is the "advice of rights" form with the bates stamp USAO_GRANT000017.

form and she never signed it. *Id.* The signature next to the handwritten words "Indigo Grant" in the middle of the page is not Ms. Grant's signature. *Id.*

After not being permitted to call an attorney, being detained in a car with two federal agents for at least an hour, and being asked direct questions, Ms. Grant felt that there was no choice other than to answer the questions the agents asked her. *Id.* ¶ 14. Had Ms. Grant been informed of her *Miranda* rights, she would have refused to answer the agents' questions. *Id.* ¶ 15.

## 2.    Ms. Grant's statements on July 14, 2021 should be suppressed for all purposes because the statements were not voluntarily given and were not provided after freely waiving *Miranda* protections.

### A.    Legal framework

Due process forbids the use at trial of a confession that has been obtained from a defendant by coercion. *Brown v. Mississippi*, 297 U.S. 278, 286 (1936). Coerced confessions also implicate the Fifth Amendment's privilege against self-incrimination. *See Miranda v. Arizona*, 384 U.S. 436, 460-63; *Bram v. United States*, 168 U.S. 532, 549 (1897).

A defendant challenging the voluntariness of a confession has the right to "a fair hearing and a reliable determination on the issue of voluntariness." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). In looking at the totality of the circumstances, the Court should ask whether the confession is "the product of an essentially free and unconstrained choice by its maker." *Green v. Scully*, 850 F.2d 894, 900 (2d Cir. 1988). Relevant factors include: "the accused's age, his lack of education or low intelligence, the failure to give *Miranda* warnings, the length of detention, the

4

nature of the interrogation," the accused's "mental vulnerability" and "medical distress," and officers' conduct. *United States v. Siddiqui*, 699 F.3d 690, 707 (2d Cir. 2012); *United States v. Scott*, 624 F. Supp. 2d 279, 284-85 (S.D.N.Y. 2008).

A defendant may not be impeached with statements that were not voluntarily given. *Mincey v. Arizona*, 437 U.S. 385 (1978).

"The prophylactic rule of *Miranda* sweeps more broadly than the Fifth Amendment itself . . . and requires the suppression of some confessions that, while perhaps not actually involuntary, were obtained in the presumptively coercive environment of police custody." *Tankleff v. Senkowski*, 135 F.3d 235, 242 (2d Cir. 1998). To establish that a defendant validly waived his *Miranda* rights, the government must prove by a preponderance of the evidence "(1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving the right." *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995).

## B.   Ms. Grant's statements made in the agents' car on July 14, 2021 should be suppressed.

Ms. Grant did not voluntarily respond to questioning by the agents while detained in the agents' car on July 14, 2021. Any statements procured from Ms. Grant were not voluntary, but were the product of coercion and in contravention of *Miranda*.

At least 3 times before questioning, Ms. Grant requested the opportunity to speak to any attorney. The agents ignored and deflected Ms. Grant's requests for the assistance of counsel before being questioned. Then, after having Ms. Grant in a locked car on a long interstate drive, the agents began questioning Ms. Grant without

informing her of her *Miranda* rights, either orally or in writing.

The totality of the circumstances indicates (1) that Ms. Grant was in custody, *California v. Beheler*, 463 U.S. 1121, 1125 (1983)(finding that "the ultimate inquiry" of whether one is in custody for *Miranda* purposes "is simply whether there [was] a formal arrest or restraint on movement of the degree associated with a formal arrest"); *United States v. Ali*, 68 F.3d 1468, 1473 (2d Cir. 1995); *United States v. Uribe-Velasco*, 930 F.2d 1029, 1033 (2d Cir. 1991), and (2) that Ms. Grant's statements were not "the product of an essentially free and unconstrained choice by its maker." *Green*, 850 F.2d at 900.

Looking at the totality of the circumstances, Ms. Grant's statements were not voluntary. Not one agent informed Ms. Grant of her *Miranda* rights before questioning her. The agents rebuffed Ms. Grant's repeated requests for an opportunity to speak with an attorney. There is no credible evidence that Ms. Grant had full awareness of the rights being waived and the consequences of waiving her *Miranda* rights. Under the totality of the circumstances, Ms. Grant's responses to the custodial questioning was not voluntary.

Accordingly, under the Fifth Amendment, *Miranda*, and supporting caselaw, all of the statements that Ms. Grant made in the agents' car on July 14, 2021 after her arrest should be suppressed. Based solely on the involuntary nature of the statements, the statements should be suppressed for all purposes, including for impeachment or as rebuttal evidence, and all evidence derived from the statements should be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371

U.S. 471, 488 (1963).

In the alternative, Ms. Grant respectfully requests an evidentiary hearing concerning these issues.

## Conclusion

WHEREFORE, Ms. Grant respectfully requests that the Court grant her motion, or, in the alternative, conduct the requested evidentiary hearing on this matter, and grant such other and further relief that the Court may deem just and proper.

Dated:  Bronx, New York
        March 11, 2024

Respectfully submitted,

_____/S/_____
SEAN M. MAHER
*Counsel for Defendant Indigo Grant*

The Law Offices of Sean M. Maher, PLLC
2796 Sedgwick Avenue, Suite C1
Bronx, NY 10468
(212) 661-5333
(347) 548-9959
smaher@seanmaherlaw.com