IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 21 Cr. 441 (KMK) |
| INDIGO GRANT, | The Hon. Kenneth M. Karas |
| Defendant. | |

MOTION TO COMPEL PRODUCTION OF DISCOVERY

COMES NOW, the Defendant, Indigo Grant, who, by and through counsel, and pursuant to Fed. R. Crim. P. 5(f) & 16(a)(1), the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, respectfully moves this Court for an order compelling discovery by the government.

Magistrate Judge Judith C. McCarthy issued an order directing the government to "disclose to the defense all information 'favorable to an accused' that is 'material either to guilt or to punishment' and that is know to the Government." Order, Doc. No. 12, filed 7/14/2021, attached as Exhibit 1. This includes "any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny." *Id.* at 1. As directed by the Magistrate Court and in accordance with established *Brady* law, "[s]uch information must be disclosed sufficiently in advance

1

of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order." *Id.* at 1-2 (footnote omitted).

Besides the existing Rule 5(f) court order, the government has received a request for discovery, including all *Brady* and *Giglio* material, from Ms. Grant. *See* attached Exhibit 2.

Undersigned counsel has discussed the state of discovery with the government as contemplated under Local Criminal Rule 16.1. *See* Declaration of Sean M. Maher, Esq. filed in support of this motion to compel production discovery.

According to the government, all Rule 16 and *Brady* material has been turned over to the defense. The government asserts that any remaining information to be disclosed falls under the Jencks Act and will be turned over in a "reasonable time" before trial.

Ms. Grant moves this Court to compel the government to turn over the items demanded in the letter, attached as Exhibit 2, that the government has not yet produced and that are discoverable pursuant to Rules 16 & 26.2, 18 U.S.C. § 3500, *Brady* and its progeny, or other applicable law. The disclosure of *Giglio* information should not be deferred until the time that general 3500 material is disclosed, but rather all *Giglio* information be should be disclosed immediately so that the defense has adequate time to prepare for trial.

Dated:  Bronx, New York
        March 11, 2024

                        Respectfully submitted,

                        _____/S/_____
                        SEAN M. MAHER
                        *Counsel for Defendant Indigo Grant*

                        The Law Offices of Sean M. Maher, PLLC
                        2796 Sedgwick Avenue, Suite C1
                        Bronx, NY 10468
                        (212) 661-5333
                        (347) 548-9959
                        smaher@seanmaherlaw.com